

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:                    Attention:   Mr. Will Mann Richardson

Opinion No. O-4160
Re:  Status of the charter of the
Grand Lodge of the Order of the
Sons of Hermann in the State of
Texas.

Your letter of December 6, 1941, requesting the
opinion of this Department, reads as follows:

"On September 2, 1891, a charter was granted to the
above named corporation. A number of amendments to the
charter were filed in this office up to 1926. On June 16,
1927, however, this office received and filed a certified
copy of an amendment which had been filed with the Life
Insurance Commissioners. A photostatic copy of that amend-
ment is attached hereto.

"On May 28, 1937, the corporation filed an amendment
with the Board of Insurance Commissioners, Section 15 of
which amendment provides as follows:

"'The charter of this association shall remain in
force for the period of fifty years from date hereof, and
the association shall, under this charter, have all the
privileges accorded by the laws existing in, or that may
hereafter be enacted by the State of Texas.'

"This instrument was never filed with the Secretary
of State, but we have been furnished with a certified copy
of the amendment, and we are attaching it to this letter.

"You will note from the last amendment that this corporation does a fraternal benefit insurance business, and as such is under the supervision of the Insurance Commission.

"The question which is raised by this situation is whether the filing of the amendment with the Insurance Commission extended the corporate existence fifty years from May 28, 1937, or whether it is necessary for the corporation to file another extension of existence with this office.

"You will recall that in your opinion No. 0-3254, you held that the Texas Independence Life Insurance Company could not renew its corporate existence under the provisions of Article 1315 a and b.

"We should like an opinion from you as to whether the charter of the corporation is now in good standing under the supervision of the Insurance Department so that no further amendments need be filed in this office, or whether the charter granted by this office has expired by its own provisions and must renew in accordance with the provisions of Article 1315."

Accompanying your request are a photostatic certified copy of the amendment dated the first day of June, 1927, filed with the Secretary of State on June 29, 1927, and with the Department of Insurance on the 16th day of June, 1927, and a certified photostatic copy of a later amendment, dated the 13th day of May, 1937, filed in the Department of Insurance. As to this later amendment we assume that it has been presented to your Department for filing.

The statutes relating to amending and extending charters of private corporations such as the one here involved are Articles 1314 and 1315, Vernon's Annotated Civil Statutes.

Article 1314 from the R. C. S. 1925, in part, reads:

"Any private corporation organized or incorporated for any purpose mentioned in this title, may amend or change its charter or act of incorporation by filing, authenticated in the manner as the original charter, such amendments or changes with the Secretary of State."

Article 1315 of said statutes provides:

"Corporations created for the support of benevolent, charitable, educational or missionary undertakings, the support of any literary or scientific undertaking, the maintenance of a library, or the promotion of painting, music or other fine arts, whose charter has expired by limitation, may revive such charter with all the privileges and immunities and rights of property, real and personal, exercised and held by it at the date of the expiration of its said charter, by filing, with the consent of a majority of its stockholders, a new charter under the provisions of this chapter, reciting therein such original privileges and immunities and rights of property, and by filing therewith a certified copy of such original expired charter."

Before engaging in a discussion of the question raised, presumably influenced by our holding in opinion O-3254 cited by you, we call your attention to the fact that in said opinion we were discussing a corporation whose sole business and set up was within the requirements of House Bill 303, 43rd Leg. (Chap. 8a, Title 78, R.C.S.), carrying on a State-wide business of mutually protecting or insuring the lives of its members by assessments. Such a corporation was required to comply with the provisions of this bill by Section 14 of the law or have its charter, granted under the general law, repealed or revoked. This law, as pointed out in the opinion, could not operate to repeal or revoke an existing charter previously granted prior to its expiration without offering it an opportunity to continue business under the new regulatory law. The opinion is not applicable to the corporation under consideration here, which, by the plain provisions of its charter, operates under Chapter 8, Title 78, of the statutes applicable to fraternal benefit societies.

We have further determined from the records in your office that shortly after the enactment of Chap. 113, Acts 1913, an act defining a fraternal benefit society (Art. 4820 R.C.S.), an affidavit was filed recognizing the applicability of that law to the corporation; and we further assume that under the provisions and amendments of the 1913 act as then and presently applicable to fraternal benefit societies the Insurance Department has recognized its existence and so conducted its supervision, duly issuing to the order an annual license to conduct its business as a fraternal benefit society.

Briefly tracing the history of Chapter 8, Title 78, applicable to fraternal benefit associations, the first act passed authorizing their incorporation as such and defining fraternal benefit societies was by the 26th Legislature, Acts 1899, Chap. 115. This law provided in Subsection 6 of Sec. 14 that articles of incorporation should state the term of corporate existence, not to exceed fifty years, and required that the charter be filed with the Secretary of State. It further provided that such charter may be amended at any time by filing with the Secretary of State the desired amendments, properly acknowledged, as required in obtaining a charter. In other words, this section provided for the incorporation and the issuance of charters to fraternal benefit societies. In Section 2 thereof it provided for the continuing of business of all associations coming under its provisions then doing business but placed said associations under the supervision of the Commissioner of Insurance in respect to filing annual reports and made them subject to examination and certain regulations by the Commissioner.

The foregoing act was repealed by Acts of 1909, Chapter 36, First Called Session, 31st Legislature, being a more comprehensive one and in Section 14 thereof it preserved to those corporations then engaged in the business all of the rights, powers and privileges exercised or possessed under its charter or articles of association, not inconsistent with the act and offering to such corporations the right to reincorporate thereunder. These were not required to reincorporate nor required in their charter to adopt the provisions for organizing new associations.

The Legislature in 1913, by an act of the 33rd Legislature, Chapter 113, repealed the 1909 act, which later enactment, with subsequent amendments to various sections, constitute our present Chapter 8, Title 78, V.A.C.S., Section 13 thereof, appearing in Vernon's as Article 4839, substantially expresses the same purpose and has the same effect as Sec. 14 of the Act of 1909, in providing that any society engaged at the time in transacting business in the State may exercise all of the rights, powers and privileges then exercised or possessed by it under its charter not inconsistent with the 1913 act, if incorporated.

It seems clear from the foregoing examination of the law applicable to fraternal benefit societies at different periods throughout its history that such corporations as the Grand Lodge of the Order of the Sons of Herman in the State of Texas, incorporated for the purpose of a benevolent, educational or charitable undertaking prior to the act of 1899, were never intended by the Legislature nor required to merge their rights and privileges granted under Chap. 8, Title 78 of our insurance laws. The lawmaking bodies apparently recognized that corporations whose purposes are charitable or benevolent may acquire rights and transact business without the doing of an insurance business. A glance at the purpose provisions of the original charter of the Order with which we are concerned shows the dual purpose, to pay health and death benefits to members and their beneficiaries and "to erect and maintain a home for old and needy members of the order and for the orphans of members of the Order."

It will further be noted that Art. 4857, R. C. S., (Sec. 30 of the 1931 Act), exempts from its provisions certain societies similar to grand or subordinate lodges of Masons, Odd Fellows or Knights of Pythias, which do not issue insurance certificates. Furthermore, any such corporation may forfeit its annual permit to do an insurance business as a fraternal benefit society upon any number of grounds set out under Chap. 8, Title 78, of the insurance laws and still retain its corporate existence under the provisions of its charter issued by the Secretary of State under the general law.

Trusting that we have made ourselves clear with respect to distinguishing between the type of corporation involved in our opinion No. O-3254 and the one here presented for consideration, we proceed to the real and only question with which you are concerned, towit, whether the charter granted by the Secretary of State has expired by its own terms and must be renewed in accordance with the provisions of Article 1315, R. C. S.

Article 1315, supra, provides for the revival of charters of such corporations created for the support of benevolent, charitable, educational or missionary undertakings, etc.

In our opinion No. O-4005, approved and addressed to you under date of Oct. 16, 1941, we held that the charter of a corporation created under the same purpose clause may be revived after five years from the date the charter had expired. Opinion No. O-4005, therefore, is applicable to the corporation under consideration.

It is therefore the opinion of this Department that a corporation chartered for the support of any benevolent, charitable, educational or missionary undertaking, and which operates subject to Chap. 8, Title 78, V.A.C.S., as a fraternal benefit society, is not authorized to extend the period of its corporate existence by amendment filed with the Insurance Commission. A compliance with the provisions of Chap. 8, Title 78, will not suffice as a compliance with the general laws for maintaining its corporate existence as a charitable or benevolent corporation. The charter of the Grand Lodge of the Order of the Sons of Herman in the State of Texas having expired as a benevolent or charitable corporation, it may be revived in accordance with the provisions of Article 1315, Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

APPROVED MAR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

WJRK:AMM